UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HANNAH ULERY, )<br><br>Plaintiff, )<br><br>v. )<br><br>JASON R. RAFFERTY, M.D., )<br>MICHELLE FORCIER, M.D., JULIE )<br>LYONS, JESSICA FIDALGO )<br>TOUCINHO, ANDREW SACKETT- )<br>TAYLOR, and THUNDERMIST )<br>HEALTH CENTER, )<br><br>Defendants. ) | C.A. No. 1:25-cv-00619-MSM-PAS |

## ORDER

Mary S. McElroy, United States District Judge.

Before the Court is the Motion to Dismiss (ECF No. 7) of the United States of America, acting on behalf of Thundermist Health Center and its employees Jason R. Rafferty, M.D., Jessica Fidalgo Toucinho, and Andrew Sackett-Taylor (the "Federal Defendants"). Ms. Ulery alleges medical malpractice claims against the defendants based on the allegedly negligent treatment they provided her with between 2017 and 2020. (ECF No. 3.) The Government moves to dismiss her claims against the Federal Defendants, arguing that they are untimely. (ECF No. 7.) Ms. Ulery asks the Court to stay these proceedings and direct the parties to proceed to mediation. (ECF No. 18.) For the following reasons the Court GRANTS the Government's Motion to Dismiss (ECF No. 7) and DENIES Ms. Ulery's Motion to Stay (ECF No. 18).

This is the second iteration of Ms. Ulery's claims against the Federal Defendants. Her first claims against them were asserted in an amended state-court complaint on October 23, 2023, which was removed to this Court on January 16, 2024, under the Federally Supported Health Centers Assistance Act ("FSHCAA"), 42 U.S.C. § 233. *Ulery v. Rafferty*, No. 1:24-CV-24-MSM-PAS, 2025 WL 2662518 (D.R.I. Sept. 17, 2025) ("*Ulery 1*").[1] On January 30, 2024, she filed an administrative claim with the U.S. Department of Health and Human Services ("HHS"). (ECF No. 7-1 at 3.) HHS denied that claim on October 1, 2024, while *Ulery 1* was still pending. *Id.* In its denial letter, HHS informed Ms. Ulery that she could "file suit against the United States in the appropriate federal district court within six (6) months from the date of mailing of this determination (28 U.S.C. § 2401(b))." *Id.* at 3.[2]

*Ulery 1* remained pending until September 17, 2025, when this Court dismissed it for failure to exhaust administrative remedies. *Ulery 1*, 2025 WL

---

[1] As in *Ulery 1*, the Government here asserts, and the plaintiff does not dispute, that Thundermist is a federally qualified health center, and its employees are deemed to be federal employees for the purposes of the FSHCAA. (ECF No. 7 at 1 n.1.) The plaintiff's claims therefore fall under the Federal Tort Claims Act ("FTCA"), such that the United States acts as the defendant. *See* 28 U.S.C. § 1346(b).

[2] On November 12, 2025, Ms. Ulery filed a second administrative claim to HHS that asserts essentially the same claims. (ECF No. 8-1.) But the First Circuit has determined under similar circumstances that this kind of duplicative claim "is a nullity" and that, from "a legal standpoint . . . the second claim is the functional equivalent of the first." *Roman-Cancel v. United States*, 613 F.3d 37, 42 (1st Cir. 2010). As the First Circuit explained, "it would be pointless for a court to allow a claimant an opportunity to reopen the FTCA's limitations window by the simple expedient of re-filing a claim to supplant an earlier, functionally equivalent claim on which the window had shut." *Id.* Accordingly, the Court treats Ms. Ulery's second administrative claim as lacking "any legal effect." *Id.*

2662518, at \*1. As the Court explained, under the FTCA, a person cannot sue unless the person presents her "claim" to the relevant administrative agency "within two years after such claim accrues." 28 U.S.C. §§ 2401(b), 2675; *see Ulery 1*, 2025 WL 2662518, at \*1 (citing *Holloway v. United States*, 845 F.3d 487, 489 (1st Cir. 2017)). After that administrative claim is presented, the plaintiff will be "forever barred" from pursuing the claim against the United States "unless action is *begun* within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b) (emphasis added). This requirement "is a jurisdictional prerequisite to suit that cannot be waived." *Gonzalez v. United States*, 284 F.3d 281, 288 (1st Cir. 2002), *as corrected* (May 8, 2002).

In *Ulery 1*, Ms. Ulery added her claims against the Federal Defendants to her lawsuit *before* she filed her administrative claim. Although her administrative claim was subsequently resolved while *Ulery 1* was pending, under *McNeil v. United States*, the Court was required to dismiss her claims against the Federal Defendants as untimely because 28 U.S.C. § 2675 mandates that an FTCA claim "shall not be instituted . . . unless the claimant shall have *first* presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." *See* 508 U.S. 106, 111 (1993) (emphasis added). As the Supreme Court explained:

> The command that an "action shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in

3

> writing and sent by certified or registered mail" is unambiguous.  We are not free to rewrite the statutory text.

*Id.*; *see also Velez-Diaz v. United States*, 507 F.3d 717, 718 (1st Cir. 2007) ("Under the FTCA, a court suit filed before exhaustion does not ripen but is barred.") (citing *McNeil*, 508 U.S. at 112–13).

Here, after the Court dismissed Ms. Ulery's claims against the Federal Defendants and remanded her case to state court, she amended her state-court complaint to add back the Federal Defendants, who then removed the case to federal court a second time.  *See* ECF Nos 1; 3.  Were the Court to treat the present case as distinct from *Ulery 1*, it would satisfy 28 U.S.C. § 2675's administrative exhaustion requirement because, based on the date of its second removal, it was effectively filed after the October 1, 2024, denial of the plaintiff's administrative claim.[3]

Now, however, Ms. Ulery's case is untimely under 28 U.S.C. § 2401(b)'s six-month deadline to file suit after the denial of an administrative claim.  While this may seem to be an unfair application of the statutory deadline, given that the Court had not yet dismissed *Ulery 1* at the time that deadline elapsed (April 1, 2024), this is almost precisely the situation confronted by the Supreme Court in *McNeil*.  The plaintiff there prematurely filed his FTCA claim on March 6, 1989, before later filing his administrative claim on July 7, 1989.  *McNeil*, 508 U.S. at 107–08.  His administrative claim was denied on July 21, 1989.  The Supreme Court affirmed the

---

[3] The plaintiff cites *D.L. by and through Junio v. Vassilev*, 858 F.3d 1242, 1246 (9th Cir. 2017), for the proposition that "the second removal actually constituted a new federal case, with a new case number and a new docket in the federal district court." (ECF No. 8 at 2.)

Eight's Circuit's determination that "March 1989 was too early. The suit did not linger, awaiting administrative action. Unless McNeil began a *fresh* suit within six months after July 21, 1989, he loses." *Id.* (quoting *McNeil v. United States*, 964 F.2d 647, 648 (7th Cir. 1992)) (emphasis added).[4]

*Velez-Diaz*, 507 F.3d at 718–19, is even more on point. There, as here, the plaintiffs filed their federal lawsuit before their administrative claim was denied. *Id.* at 718. The plaintiffs then filed a new, apparently duplicate lawsuit, while their first case was pending, but over six months after their administrative claim was denied. *Id.* The district court dismissed the plaintiffs' first lawsuit because it was filed before their administrative claim was denied. *Id.* The district court later dismissed the second lawsuit because it was filed over six months after the administrative claim was denied. *Id.* at 719. The First Circuit affirmed that second dismissal, determining that the second lawsuit was filed outside the required six-month deadline. *Id.* at 719–20.

Here, Ms. Ulery should have refiled her claims against the Federal Defendants within six months of HHS's denial of her administrative claim. Her failure to do so makes her present claims against the Federal Defendants untimely and thus ineligible for the FTCA's limited waiver of the United States' sovereign immunity

---

[4] The Supreme Court noted in *McNeil* that, although the FTCA's strict requirements could pose a risk of a "fatal procedural error" for an unrepresented litigant, "the risk that a lawyer will be unable to understand the exhaustion requirement is virtually nonexistent." *Id.* at 113.

from suit. *See Holloway*, 845 F.3d at 489. As such, the Court lacks jurisdiction over those claims, and must dismiss them.

As in *Ulery 1*, the remaining claims are all state-law claims against Julie Lyons that are not subject to the FSHCAA or the FTCA. And as before, considering the totality of the circumstances, including the early stage of the present litigation and the fact that Ms. Ulery's claims against Ms. Lyons are traditional state-law claims related to medical malpractice, the Court will decline supplemental jurisdiction over those claims and remand them to the state court where Ms. Ulery originally brought them. *See Legion Ins. Co. v. Fam. Serv., Inc.*, 561 F. Supp. 2d 232, 239 (D.R.I. 2008) (quoting *Che v. Mass. Bay Transp. Auth.*, 342 F.3d 31, 37 (1st Cir. 2003)).

In sum, the Motion to Dismiss (ECF No. 7) as it concerns the Federal Defendants, Thundermist, Jason R. Rafferty, M.D., Jessica Fidalgo Toucinho, and Andrew Sackett-Taylor, is GRANTED. Ms. Ulery's Motion for Leave to File Sur-reply (ECF No. 15) is GRANTED but does not change the Court's analysis. Her Motion to Stay (ECF No. 18) is DENIED as moot. The state-law claims against defendant Julie Lyons are REMANDED to the Rhode Island Superior Court sitting in Providence, for the counties of Providence and Bristol.

IT IS SO ORDERED.

Mary S. McElroy
United States District Judge

May 26, 2026

6